## NATURE OF THE TENANCY WHERE A WRITTEN LEASE IS EXTENDED BY VERBAL AGREEMENT.

Circuit Court of Hamilton County.

HARRY F. HOPKINS V. BRIDGET F. CARROLL.

Decided, December 5, 1908.

*Landlord and Tenant—Parol Contract for Lease—Where the Tenant is in Possession Under a Prior Written Lease—Statute of Frauds.*

1. Where a tenancy was begun under a written lease for a term of five years, with a privilege of renewal for another five years, and the lessee entered upon his fourth term by virtue of a verbal agreement for another five years under the same terms as before, his possession is referable to the former written lease, and he becomes a tenant from year to year.

2. Justices of the peace have jurisdiction, under Section 6600, in cases of tenancy from year to year.

*Cogan & Williams* and *H. A. Reeve,* for plaintiff in error.
*H. O. Kapp* and *A. P. Foster,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

The judgment of the trial court in sustaining the demurrer of defendant to the petition we think should be affirmed.

In *Armstrong* v. *Kattenhorn,* 11 Ohio, 265, it was decided that a parole contract for a lease between landlord and tenant in possession under a prior lease is within the statute of frauds unless possession be held solely under, and in performance of, the parole contract, the terms of holding clearly indicating the possession to be under the subsequent parole lease. If the possession can be. referred to any other source than the parole contract the statute fails.

The petition sets out a tenancy for five years from January 1st, 1891, under a written lease, containing a privilege of renewal for another term of five years at the expiration of the first term. It also sets out that plaintiff in error entered upon his fourth term (took possession) as lessee by virtue of a verbal agreement for another term of five years upon the same terms and conditions as his former tenancies. This possession it seems to us is referable to the prior written lease, and the plaintiff in error became a tenant from year to year and is holding over his term.

Justices of the peace by Section 6600 having jurisdiction in cases of a tenancy from year to year, the demurrer to the petition was properly sustained by the court, and the judgment is affirmed.